**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABEL OLIVO, | No. CIV S-07-0438-RRB-CMK-P |
|     Petitioner, | |
|  vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES YATES, et al., | |
|     Respondents. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 10) filed April 26, 2007.  Petitioner filed an opposition to the motion (Doc. 12) on May 31, 2007.  Respondents did not file a reply.  Both parties have filed further briefs as requested by the court.

       Respondents' motion to dismiss is based on petitioner's failure to file his petition for habeas relief within the one-year statute of limitations contained in 28 U.S.C. §2244(d)(1) and (2)  Petitioner argues he should be entitled to equitable tolling of the statute of limitations due to his transfer from one prison to another without his legal documents, and the failure of his appellate counsel to provide him copies of his legal records.  In addition, petitioner argues that

time should be extended based on the mailbox rule, so that the date he filed his cases with both the state and federal court were "filed" as of the dates he sent the documents.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no

petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1076, 1082-83 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2)

extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." Id. at 419.  In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order.  See Beeler, 128 F.3d at 1288.  In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition.  The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition.  Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control.  There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.  Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed."  The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . .  This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.  Kelly, 165 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling.  See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).  Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay.  See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003).  The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

In the instant case, petitioner's conviction became final on July 14, 2004 (after allowing 90 days to petition the United States Supreme Court for review). Petitioner filed his first state habeas petition on April 8, 2005. Giving petitioner every conceivable day available through the mail-box rule, he signed the petition on March 31, 2005. Thereafter, he proceeded through the state court system requesting habeas relief, until the California Supreme Court issued a denial on May 17, 2006. Petitioner then did not file his federal habeas petition until at best December 31, 2006 (assuming this is the correct date petitioner signed the petition).[1]

Therefore, giving petitioner the benefit of the mail-box rule and assuming the date on which he signed the petitions is the date the petition was "filed", absent any equitable tolling petitioner's statute of limitations expired on August 31, 2006.[2] Petitioner argues that he should be entitled to equitable tolling between the date his conviction was final (July 14, 2004) and the date he claims he received his legal property after being transferred to another facility (December 1, 2004). Petitioner states that on June 4, 2004, he was transferred (without prior notice) from New Folsom State Prison to Pleasant Valley State Prison. During that transfer, petitioner was separated from his legal property, which petitioner claims included numerous "critical and important legal documents." (Opposition, Doc. 12, at 4.) He claims these documents were not transported with him and he did not receive these documents until they arrived by a bus transporting other prisoners on December 1, 2004. Furthermore, petitioner claims he did not receive his entire case file, including "the reporter's transcript, clerk's transcript, police reports and other relevant documents" from his previously appointed counsel until September 29, 2004. (Opposition, Doc. 12, at 3.) In his further brief, after being given an opportunity to demonstrate

---

[1] The petition filed with this court was actually filed on January 18, 2007.

[2] Petitioner had 365 days from July 14, 2004 to file his federal petition. From July 14, 2004 until his first state petition was signed on March 31, 2005, petitioner used 258 days. Then from May 17, 2006 until he signed his petition filed with this court on December 31, 2006, he used 227 days. This equals 535 days, and petitioner missed his window of opportunity by 170 days. In other words, his filings in state court tolled the statute of limitations by 412 days.

5

he was diligent in pursuing his rights and there were extraordinary circumstances that preventing him from filing his petition on time, petitioner states:

> petitioner's time-consuming and diligent review of his trial transcripts and other case-related documents was critical, essential and necessary to file his initial State Writ Petition. Petitioner's six (6) month delay in filing his first State Writ Petition after receipt of said transcripts and other case documents was caused by the fact that petitioner had to read, review and analyze the evidence and arguments to be made in said Writ Petition prior to filing. Six months is not an unreasonable period of time for petitioner to have taken to properly prepare for initial State Writ Petition for filing ...
> (Brief, Doc. 19, at 6).

However, as discussed above, petitioner is required to demonstrate that he has been diligent in pursuing his rights and that extraordinary circumstances prevented him from filing on time. Petitioner has not met this burden to allow equitable tolling from July 14, 2004 until December 1, 2004. First, petitioner stated that he received his entire case file from his previously appointed counsel on September 29, 2004. Included in that file was the reporter's transcripts, the clerk's transcripts, the police reports, and "other relevant documents." While he may have a convincing argument that his statute of limitations should be equitably tolled until he received those documents, that is not enough to help him.[3] His statute of limitations would still have expired on November 16, 2006, and he did not file the instant petition until December 31, 2006.

Petitioner has not explained what other "critical and important" documents were included in his legal property, which he claims he did not receive until December 1, 2004. Therefore, there is no way for the court to determine whether these "critical and important" documents were essential to his case, and were of such a nature to have required them four months before filing his state habeas petition. He claims he needed six months to review the

---

[3] As it makes no difference in this case, the undersigned expresses no opinion on merits of this argument. See, Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001) (finding negligence by counsel is insufficient to warrant equitable tolling).

6

transcripts, but he stated he received those on September 29, 2004.  Respondents provided the court with information that petitioner did not receive any legal documents on December 1, 2004 and that he was transported with his property when he was transferred on June 4, 2004.  Petitioner has not overcome that evidence, nor does he appear to be able to.  Therefore, he is unable to show that he has been diligent in pursuing his rights and that extraordinary circumstances prevented him from filing on time.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 10) be granted;
2. This petition be dismissed; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE