IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL OLIVO,<br><br>     Petitioner,<br><br>  vs.<br><br>JAMES YATES, Warden, Pleasant Valley Sate Prison; *et al*,<br><br>     Respondents. | No. 2:07-cv-00438-JKS-CMK<br><br>ORDER |

  Petitioner, Abel Olivo, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

  On December 19, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Olivo filed objections to the Findings and Recommendations.

  Olivo's objections address three findings of the Magistrate Judge: (1) the date the limitation period began to run after the California Supreme Court denied his state habeas proceedings; (2) miscalculation of the limitation expiration date; and (3) the finding that Olivo had not carried the burden of entitlement to equitable tolling during the period September 29, 2004, through December 1, 2004.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

First, Olivo, relying on *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001), argues that the limitation period did not resume running until 30 days after the California Supreme Court denied his habeas corpus petition. *Bunney*, applying a prior version of Rule 29.4 of the California Rules of Court, held an order by the California Supreme Court denying a petition for a writ of habeas corpus became final 30 days after filing. *See id.* at 974. Effective January 1, 2003, after *Bunney* was decided, former Rule 29.4 was amended to provide that an order denying a petition for a writ of habeas corpus becomes final upon filing. *See* Rule 8.532(b)(2)(C) (formerly Rule 29.4(b)(2)(C)).[1] When a rule is amended, decisions "that rely on the older versions of the [rule] must be reevaluated in light of the amended [rule]." *United States v. McNeil*, 362 F.3d 570, 574 (9th Cir.2004); *see Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003) (holding courts "are not bound by decisions of prior panels if subsequent legislation has undermined those decisions"). Accordingly, Olivo's reliance on *Bunney* is unavailing.

The Magistrate Judge, assuming the time between the day after Olivo's conviction became final (July 15, 2004) and the date Olivo received his entire case file from his appellate attorney (September 29, 2004) was tolled, and including the time his state habeas proceedings were pending (March 31, 2005, through May 17, 2006), determined that the last day for filing his habeas petition in this Court was November 16, 2006. Olivo, without providing a calculation of how he arrived at his conclusion, contends that it was extended to March 14, 2007.

Between July 14, 2004, and March 31, 2005, the date Olivo filed his first state court habeas petition, 258 days lapsed, of which 76 were tolled,[2] resulting in the use of 182 of the allotted 365 days. The entire period from March 31, 2005, through May 17, 2006, was tolled, and the limitations period restarted the following day, May 18, 2006. At that point, absent any

---

[1] Effective January 1, 2007, former rule 29.4 was renumbered Rule 8.532.

[2] Olivo contends that 165 days were tolled; however, he uses a start date of April 14, 2004, the date the California Supreme Court denied review, not the date his conviction became final, thus essentially "double counting" the time allotted to seek *certiorari* in the Supreme Court. By using the correct start date of July 14, 2004, and adding the 90-day overlap of Olivo's tolling period with the 90-day period between the California Supreme Court's denial of review and the date the conviction became final, plus the 30-day time Olivo claims under *Bunney*, would extend the limitations period 120 days to March 16, 2007, 2 days more than Olivo contends. This may explain how Olivo arrived at his March 14, 2007, date.

additional tolling, Olivo had 183 days remaining, until November 16, 2006, to file his petition in this Court.  The Magistrate Judge did not err in his calculation.  Under this scenario, the Petition, filed December 31, 2006, (applying the mailbox rule) was 45 days late.

Olivo also claims he is entitled to equitable tolling for the 63-day period between September 29, 2004, and December 1, 2004, the day he contends he received his "critical and important" legal documents following his move from the New Folsom State Prison to Pleasant Valley State Prison.  If Olivo is entitled to equitable tolling during that 63-day period, his petition in this Court would be timely filed.  The Magistrate Judge, in denying tolling for the period, noted that Olivo had not explained what these "critical and important" documents were so there was no way for the Court to determine how they were essential to his case or how they were instrumental in delaying his ability to file his habeas petition in the state court.  In his objections, Olivo describes these documents as "defense counsel's comprehensive trial notes, Olivo's trial notes, case investigator notes, witness statements, witness interviews and defense investigator's summaries and reports, State and Federal case law research for writ petition."

Prior to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the standard in this circuit for determining whether a petitioner was entitled to equitable tolling was when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *See, e.g., Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).  It has been suggested that in *Pace* the Supreme Court articulated a new and less stringent standard, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  *Pace*, 544 U.S. at 418.  As recently noted in *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008), Ninth Circuit cases since *Pace* have not settled on a consistent standard.  *Compare, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006) (citing *Pace* and applying its standard), *with Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006) (applying the standard articulated in *Stillman* ).  The only case to address the issue noted the possibility that *Pace* "lowered the bar somewhat" compared with the previous standard.  *See Espinoza-Matthews,* 432 F.3d 1021, 1026 n.5 (9th Cir. 2005).  That case does not decide whether a substantive difference exists between the two standards.  *See id.*  Like the Ninth Circuit panel in *Harris*, this Court need

not decide whether there is any substantive difference; as the Magistrate Judge held, Olivo fails to make a case under either standard.

To establish he was diligently pursuing his rights and that there were extraordinary circumstances that prevented him from filing his petition timely, Olivo stated in his Surreply that the six-month delay in filing his first state court petition for a writ was due to the need to read, review, and analyze the evidence and arguments to be made in his petition after receiving his transcripts and case-related documents. In his petition to the state courts, he raised as grounds ineffective assistance of trial and appellate counsel, vindictive and malicious prosecution, judicial errors, due process violations, and violations of the of the Sixth and Fourteenth Amendments.[3]

As the Magistrate Judge implicitly noted, the explanation only supported equitable tolling of the period through September 29, 2004, the date when he received the court records from his appellate counsel. What is conspicuously missing is how the non-availability of the documents he claims he did not receive until December 1, 2004, prevented him from filing timely. The documents described were not part of the court records and could hardly have supported his state court petitions unless he received an evidentiary hearing, which, according to his petition, Olivo did not request. Accepting Olivo's explanation as constituting due diligence after he received the file from his appellate counsel, does not explain how he was proceeding with due diligence during the 63-day period between that date and December 1, 2004. Also unexplained is the need to take 227 days after his state court petition was denied by the California Supreme Court to file his petition in this Court. In short, Olivo has failed to show that he used due diligence in pursuing his rights but was prevented from doing so timely by extraordinary circumstances beyond his control.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed December 19, 2007, are adopted in full;
2. Respondent's Motion to Dismiss at Docket No. 10 is GRANTED;
3. Petitioner's application for a writ of habeas corpus is DISMISSED; and

---

[3] In his petition before this Court, Olivo raises only the ineffective counsel arguments.

4.       The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: June 17, 2008.

                                                      s/ James K. Singleton, Jr.
                                                    JAMES K. SINGLETON, JR.
                                                    United States District Judge